UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RESOURCE REAL ESTATE OPPORTUNITY OP, LP, | CASE NO. 3:11-CV-220 |
| Plaintiff, | JUDGE THOMAS M. ROSE |
| v. | |
| THE CANNERY AT WEBSTER STATION, LTD, *et al.*, | |
| Defendants. | |

## AGREED FINAL JUDGMENT ENTRY AND DECREE OF FORECLOSURE

This matter is before the Court upon (1) the *First Amended Complaint for Foreclosure* [Doc. No. 22] (the "Amended Complaint") filed by Plaintiff Resource Real Estate Opportunity OP, LP ("Resource"); and (2) the Answer to the First Amended Complaint (the "Answer") and Counterclaim against Resource (the "Counterclaim") [Doc. No. 35] filed by Defendant The Cannery at Webster Station, Ltd. (the "Cannery"). Resource and the Cannery hereby give notice that they have engaged in settlement discussions and have reached a mutually-agreeable resolution to their disputes in this case. Pursuant to their agreement, Resource and the Cannery hereby stipulate and agree as follows, and the Court, based on the stipulations and agreements of the parties and finding that good causes exists therefor, and upon due consideration thereof, finds as follows:

1. The real and personal property which is the subject of this foreclosure action is located at 500 E. 3rd Street, Dayton, Montgomery County, Ohio 45402 (the "Real Property"), a complete legal description of which, including parcel numbers, is attached hereto as **Exhibit A**.

2. On June 24, 2011, Resource filed its Complaint in this action [Doc. No. 1]. Defendant the Cannery was served with a Summons and copy of the Complaint on June 28, 2011

[see Doc. No. 19], and on July 6, 2011 Resource filed the Amended Complaint. On July 20, 2011, the Cannery, along with CquenC, LLC ("CquenC"), filed its *Joint Motion to Dismiss for Lack of Jurisdiction* [Doc. No. 24] (the "Motion to Dismiss"). Resource filed its *Voluntary Notice of Dismissal* of CquenC [Doc. No. 25] (the "CquenC Dismissal") on August 9, 2011, thereby restoring the Court's diversity subject matter jurisdiction to adjudicate this matter. By entry on September 19, 2011, the Court denied the Motion to Dismiss [Doc. No. 32], and the Cannery filed its Answer and Counterclaim.

3. The Clerk's docket reflects that service of Summonses and copies of the Complaint was perfected upon Defendants Citywide Building Finance Corporation ("Citywide"), CountyCorp and the Treasurer of Montgomery County, Ohio on June 28, 2011 [*see* Doc. Nos. 17, 18 & 21]. Accordingly, all parties necessary for complete adjudication of this foreclosure action are properly before the Court.

4. The Cannery executed and delivered to the Initial Lender[1] a Mortgage Note in the original principal amount of $14,517,900.00, which accrues interest at a fixed rate of 5.125% per annum, with a final maturity date of January 1, 2045 (the "Note"). In conjunction with the Note, Cannery and the U.S. Department of Housing and Urban Development entered into a Regulatory Agreement for Multifamily Housing Projects ("Regulatory Agreement"), which was recorded on December 20, 2004 as Instrument No. AGRE-04-144469 in the official records of Montgomery County, Ohio. The Regulatory Agreement was released of record by virtue of the Release of Regulatory Agreement recorded on May 23, 2011 as Instrument No. AGRE-11-030652 in the official records of Montgomery County, Ohio.

5. The amounts due and owing under the Note are secured by that certain Mortgage

---

[1] Undefined capitalized terms included herein shall have the same meaning as those terms set forth in the Amended Complaint, which are incorporated herein by reference.

Deed dated December 20, 2004 (the "Mortgage") from the Cannery to the Initial Lender, which was duly recorded on December 29, 2004 as Instrument No. MORT-04-144468 in the official records of Montgomery County, Ohio, and by that certain Security Agreement (the "Security Agreement") dated December 20, 2004 and executed by the Cannery.

6. A UCC Financing Statement naming the Cannery as the debtor and Initial Lender as the secured party (the "Original Fixture Filing") was recorded in July 2010 as Instrument No. FX/S-10-045091 in the official records of Montgomery County, Ohio. UCC Financing Statements naming the Cannery as the debtor and Initial Lender as the secured party (the "Original UCC Filings") were recorded with the Ohio Secretary of State on July 21, 2010 as File No. OH00143821769 and on August 10, 2010 as File No. 20102230089.

7. Initial Lender's rights under the Original Fixture Filing were assigned to HUD by a UCC Financing Statement Amendment recorded in the official records of Montgomery County, Ohio as Instrument No. AFFS-10-047323, and Initial Lender's rights under the Mortgage were assigned to HUD by an Assignment of Mortgage recorded as Instrument No. A/M 10-047321 in the official records of Montgomery County, Ohio.

8. Resource succeeded to all of the Initial Lender's rights, title and interest in and to the Note, the Mortgage and all other agreements, documents and certificates executed and delivered in connection therewith, by virtue of (i) the Allonge to the Note which is set forth on the next to last page of the Note; (ii) a non-recourse Note Endorsement from HUD dated May 13, 2011, and which is attached to and made part of the Note; (iii) an Assignment of Mortgage and other documents, including the Security Agreement, by and between HUD and Resource, dated May 13, 2011 and recorded on May 23, 2011 as Instrument No. A/M-11-030650 in the official records of Montgomery County, Ohio (the "Mortgage Assignment"); (iv) a UCC Financing

Statement Amendment, assigning to Resource the Original Fixture Filing (the "Fixture Filing"), and recorded on May 23, 2011 as Instrument No. AFFS-11-030651; and (v) a UCC Financing Statement Amendment, assigning to Resource the Original UCC Filing (the "UCC Assignment"), that was filed on May 18, 2011 with the Ohio Secretary of State as File No. 2011400020.

9. Under the terms of the Mortgage, Resource has a lien on the Real Property and an assignment of all rents, profits, and income from the Real Property for the purpose of discharging the debt under the Note. As provided in Exhibit B to the Mortgage, and under the terms of the Note, the Cannery does not have any personal liability under the Note and Mortgage, and Resource's sole source of satisfaction for the amounts due and owing thereunder will be from the sale of the Real Property, rents, issues, and profits generated by the Real Property prior to sale.

10. Under the terms of the Security Agreement, Resource also has a security interest the Cannery's personal property "relating to, situated or located on, or used or usable in connection with" the Real Property.

11. On September 29, 2011, the Cannery filed the Answer to the Amended Complaint and has asserted the Counterclaim against Resource for damages. In addition, Cannery has denied that it is in default of any obligations under the Note and the Mortgage.

12. Resource and the Cannery have reached a settlement agreement concerning all claims against each other in this proceeding. As part of the settlement reached, the parties have agreed to submit this *Agreed Final Judgment Entry and Decree of Foreclosure* so that the Real Property may be sold by the Special Master in accordance with the local rules and orders of this Court. Also under the terms of the settlement, the Cannery has agreed to waive any right that it

possesses to redeem the Real Property. Furthermore, the parties agree that after the Real Property is sold and the proceeds thereof distributed, this Court will retain jurisdiction to enforce the terms of this Agreement.

13. Resource contends, and the Cannery disputes, that the Cannery is in default under the terms of the Note, Mortgage and Security Agreement for, among other things, failure to make payments when due under the terms of the Note and Mortgage. On or about May 19, 2011, Resource sent a letter to the Cannery notifying it that on or about May 13, 2011 Resource succeeded to the Initial Lender's rights, title and interest in the Note, Mortgage, and other loan documents, and that due to existing defaults thereunder Resource was making demand for payment of the indebtedness due from the Cannery under the Note, and that such payment was due no later than 5:00 p.m. on June 2, 2011.

14. Pursuant to the terms of the settlement reached, the Cannery has conceded that the following due and payable amounts are owed to Resource under the terms of the Note and Mortgage: (i) $13,889,737.04 in principal; (ii) $986,701.81 in accrued interest through May 19, 2011; (iii) $555,589.48 in prepayment penalty; (iv) $12,905.14 in late charges; (v) $51,541.74 in servicing fees; (vi) $20,211.81 in operating advances; (vii) $227.34 in interest on operating advances, less $124,494.08 in escrow funds that Resource applied to reduce the amounts due and payable, for a total of items (i) through (vii) of $15,392,420.28, plus interest in the amount of $1,980.24 per day from and including May 20, 2011, plus additional late charges, fees and all of Resource's costs in collecting the amounts payable under the Note, Mortgage and other loan documents (the "Judgment Amount"). As such, Resource is entitled to judgment as a matter of law, and Resource is entitled to foreclose its Mortgage and perfected security interest in order to collect the Judgment Amount.

15. The Montgomery County Treasurer was named as a Defendant on account of any lien which may exist due to unpaid real estate taxes and assessments.

16. Citywide was named as a Defendant due to the following instruments of record with respect to the Real Property: (i) an Open-End Mortgage recorded in the official records of Montgomery County, Ohio as Instrument No. MORT-99-056940; (ii) a Subordination Agreement recorded in the official records of Montgomery County, Ohio as Instrument No. SNBD-01-017877; and (iii) a Subordination Agreement recorded in the official records of Montgomery County, Ohio as Instrument No. SNBD-04-144472.

17. CountyCorp was named as a Defendant due to the following instruments of record with respect to the Real Property: (i) an Open-End Second Mortgage and Security Agreement recorded in the official records of Montgomery County, Ohio as Instrument No. MORT-00-080419; (ii) a Subordination Agreement recorded in the official records of Montgomery County, Ohio as Instrument No. SNBD-01-017878; and (iii) a Subordination Agreement recorded in the official records of Montgomery County, Ohio as Instrument No. SNBD-04-144471 (items (i) through (iii), above, hereinafter being referred to as the "CountyCorp Instruments").

18. Neither Citywide nor CountyCorp has filed an answer or otherwise responded to the Amended Complaint, and on October 11, 2011 Resource filed its application for an entry of default against Citywide and CountyCorp [Doc. No. 36]; the Clerk entered the defaults against Citywide and CountyCorp on October 20, 2011 [Doc. No. 38]. On October 27, 2011, CountyCorp filed a Motion to obtain relief from the entry of default [Doc. No. 39] ("Motion for Relief"), which is resolved by this Agreed Final Judgment Entry and Decree of Foreclosure. Resource is entitled to a default judgment against Citywide, and to foreclose the Mortgage and have the Real Property sold at judicial sale free and clear of any interests that Citywide may have

or may claim in the Real Property, including, without limitation, any interests created by the recorded instruments enumerated in paragraph 16, above.

19. CquenC was named as a Defendant due to the Memorandum of Lease ("CquenC Lease") recorded in the official records of Montgomery County, Ohio as Instrument No. LEAS-07-059522. As evidenced by the CquenC Dismissal, CquenC was voluntarily dismissed by Resource as an unnecessary party to this foreclosure, and this Agreed Final Judgment Entry and Decree of Foreclosure is without prejudice to any interest CquenC may have in the Real Property.

20. The Court further finds as follows:

A. By virtue of its date and time of recordation, Resource's Mortgage is the first and best lien on the Real Property, subject only to any lien of the Montgomery County Treasurer for real estate taxes and assessments, in the current payable amount of $0.00;

B. Due to its failure to timely plead, move or otherwise respond to the allegations of the Complaint or First Amended Complaint, any judicial sale of the Real Property will be free and clear of any liens, claims or interests held or claimed by Defendant Citywide;

C. Despite the Entry of Default against CountyCorp, Resource has agreed that CountyCorp shall be allowed to appear and assert its interest in the Real Property by virtue of the CountyCorp Instruments, as defined hereinabove; and

D. Due to its interest in the Real Property arising by virtue of the CquenC Lease, CquenC was properly dismissed from this action as an unnecessary party, and any judicial sale of the Real Property will be without prejudice to any interest CquenC may have in the Real Property under the CquencC Lease.

21. The Court makes the express finding that this *Agreed Final Judgment Entry and Decree of Foreclosure* contains the information required under, and substantially complies with, paragraph 3.1 of the Court's General Order No. 07-03, and that accordingly, immediately upon entry hereof and payment by Resource of the $1,200.00 deposit required by the General Order, Resource shall be entitled to the appointment of a Special Master, without further notice, hearing

or order of this Court, to appraise, advertise and sell the Real Property and its contents according to law and the orders of this Court and to report such proceedings to this Court.

Based upon the foregoing stipulated findings of the Court, it is hereby,

ORDERED that this Court retain jurisdiction to enforce the settlement reached between Resource and the Cannery, a copy of which settlement agreement shall be filed under seal with this Court on or within fourteen (14) days of the entry hereof; and it is further hereby

ORDERED that Resource be, and hereby is granted judgment on the Note and Mortgage for the Judgment Amount of $15,392,420.28 as of May 19, 2011, plus additional interest in the amount of $1,980.24 per day from and including May 20, 2011, plus additional late charges, fees and all of Resource's costs in collecting the amounts payable under the Note, Mortgage and other loan documents; and it is further hereby

ORDERED that the Counterclaim against Resource is hereby dismissed, with prejudice, and the Cannery is hereby barred from bringing any future claims against Resource which the Cannery had or could have asserted in the Counterclaim; and it is further hereby

ORDERED that the pending *Plaintiff's Emergency Motion for Immediate Appointment Of Receiver* filed on June 27, 2011 [Doc. No. 11] and the *Plaintiff's Motion for Turnover of Rents from the Defendant, the Cannery At Webster Station, Ltd.* filed by Plaintiff on August 24, 2011 [Doc. No. 27] are hereby deemed to have been withdrawn as moot, pursuant to the settlement reached between Resource and the Cannery; and it is further hereby

ORDERED that:

    (i)    Resource's Mortgage is valid and duly recorded, and is the first and best lien upon the Real Property (except for real estate taxes and assessments);

(ii) Resource's Fixture Filing and UCC Assignment are valid and duly recorded, and Resource has the first and best security interest in the personal property located on the Real Property;

(iii) that the Cannery has agreed to waive any right that it possesses to redeem the Real Property, and the equity of redemption of the Cannery, the other Defendants herein, and all other entities and individuals claiming through the Cannery or any other Defendant, shall be foreclosed and forever barred, and that the Real Property shall be sold free and clear of all liens, claims and interests of parties to this action, except as otherwise ordered by this Court herein;

(iv) the judicial sale or other disposition of the Real Property shall be subject to the CquenC Lease and the judicial sale or other disposition of the Real Property shall not foreclose, extinguish, impair or otherwise modify the CquenC Lease;

(v) In the event that proceeds of a sale of the Real Property are in excess of what is required to fully satisfy (i) the amount of real estate taxes and assessments on the Real Property, pro-rated through the date of sale; and (ii) the amount secured by Resource's Mortgage, which is the first and best lien on the Real Property (except for real estate taxes and assessments), CountyCorp shall receive a distribution from such sale proceeds, in the order of priority of its recorded interests in the Real Property;

(vi) immediately upon entry hereof and payment by Resource of the $1,200.00 deposit required by the Court's General Order No. 07-03, Resource shall

be entitled to the appointment of a Special Master, without further notice, hearing or order of this Court, to appraise, advertise and sell the Real Property and its contents according to law and the orders of this Court and to report such proceedings to this Court;

(vii) notice of the time and place of the judicial sale sale of the Real Property shall be given to all Defendants who have appeared in this action and CquenC, pursuant to Section 2329.26(A)(1)(a)(i) of the Ohio Revised Code;

(viii) upon distribution of any sale proceeds pursuant to an Order of Confirmation of Sale and Distribution, in accordance with the provisions of General Order No. 07-03, a certified copy of the Order shall be issued to the Montgomery County Recorder and the Montgomery County Clerk of Courts, directing them to enter the same on the margin of the records of mortgages and liens, releasing the liens adjudicated herein from the Real Property; and

(ix) the Court make the express finding that there is no just reason for delay.

**IT IS SO ORDERED.**

**Date:** **Wednesday, December 28, 2011**  
_____

s/Thomas M. Rose  
_____  
JUDGE THOMAS M. ROSE

APPROVED:

/s/ Robert Stefancin
Robert M. Stefancin (0047184)
Schottenstein Zox & Dunn Co., LPA
600 Superior Ave., East
Suite 1701
Cleveland, Ohio  44114
Telephone: (216) 621-6501
Facsimile:  (216) 621-6502
Email:  rstefancin@szd.com

-and-

Daniel M. Anderson (0067041)
Erik Stock (0083728)
Schottenstein Zox & Dunn Co., LPA
250 West Street, Suite 700
Columbus, Ohio 43215
Phone: 614/462-1105
Fax: 614/222-4247
Email:  estock@szd.com
*Attorneys for Plaintiff*

/s/John Paul Rieser (per email auth.)
John Paul Rieser (0017850)
Rieser & Associates LLC
7925 Graceland Street
Dayton, Ohio 45459-3834
Tel: 937-224-4128
Fax: 937-224-3090
E-Mail: attyecfdesk@rieserlaw.com
*Lead Counsel for Defendant The Cannery at Webster Station, Ltd.*

-and-

/s/ Patricia J. Friesinger (per email auth.)
Patricia J. Friesinger (0072807)
33 W. First Street, Suite 600
Dayton, Ohio 45402
Tel: 937-223-8177
Fax: 937-223-6705
*Co-Counsel for Defendant
The Cannery at Webster Station, Ltd.*

/s/Michael W. Sandner (per email auth.)
Michael W. Sandner (0064107)
Pickrel Schaeffer and Ebeling
40 N. Main Street
2700 Kettering Tower
Dayton, Ohio 45423
Tel: (937) 223-1130
Fax: (937) 223-0339
Email: msandner@psselaw.com
*Attorney for Defendant County Corp*

/s/Douglas M. Trout (per email auth.)
Douglas M. Trout (0072027)
Assistant Prosecuting Attorney
Montgomery County Prosecutor
P.O. Box 972
301 West Third Street
Dayton, Ohio 45422
Tel: (937) 225-5607
Email: troutd@mcohio.org
*Attorney for Montgomery County Treasurer*

# DISTRIBUTION LIST

Daniel M Anderson
danderson@szd.com, sheaberlin@szd.com

Patricia Friesinger
friesinger@coollaw.com

John Paul Rieser
attyecfdesk@rieserlaw.com

Robert M Stefancin
rstefancin@szd.com, sbrowdy@szd.com

Erik Joseph Stock
estock@szd.com

CITYWIDE BUILDING FINANCE CORP.
c/o Curtis F. Slaton, Statutory Agent
131 N Ludlow Street, Suite 1200
Dayton, Ohio 45402

COUNTYCORP
130 West 2nd Street, Suite 1420
Dayton, OH 45402

CAROLYN RICE, TREASURER OF
MONTGOMERY COUNTY, OHIO
Montgomery County Adm. Bldg.
451 West Third Street
Dayton, Ohio 45422-1475

Theresa A. Baker
1700 Liberty Tower
Dayton, OH 45402
*Counsel for CquenC, LLC*

Douglas M. Trout
Assistant Prosecuting Attorney
Montgomery County Prosecutor
P.O. Box 972
301 West Third Street
Dayton, Ohio 45422
*Attorney for Montgomery County Treasurer*